# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1670V**

| | |
|---|---|
| ALINA DENNIS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: June 24, 2026 |

*Brian Lee Burchett, Burchett Law Firm, San Diego, CA, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 28, 2023, Alina Dennis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on October 1, 2020. Petition, ECF No. 1. On December 1, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation, following briefing by the parties. ECF No. 30. On

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

February 12, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 35.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $63,990.09 (representing $60,464.50 in fees plus $3,525.59 in costs). Petitioner's Attorney Fees and Costs Application ("Motion") filed March 9, 2026, ECF No. 41. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 39.

Respondent reacted to the motion on March 18, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 43. Also, on March 18, 2026, Petitioner filed a reply to Respondent's Response requesting that the amount of fees and costs in the Motion be awarded. ECF No. 44.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of attorney fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Some of the rates requested for attorney work performed by Brian Burchett through 2026 require adjustment. Brian Burchett was previously awarded lesser rates than requested herein ($480.00 for time billed in 2021, $560.00 for time billed in 2024, and $605.00 for time billed in 2025). See *Pulido v. Sec'y of Health & Hum. Servs*., No. 22-1536V, slip op. (Fed. Cl. June 8, 2026). I find no reason to deviate from that determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce the rates to be consistent with *Pulido*. **Application of the foregoing reduces the attorney fees to be awarded herein by $1,079.25.**[3]

Regarding the time billed, I note this case required additional briefing regarding entitlement. *See* Petitioner's Motion for a Ruling on the Record, filed Oct. 3, 2024, ECF No. 26; Petitioner's Reply to Respondents' Response to Motion for a Ruling on the Record, filed Nov. 21, 2024, ECF No. 28. Petitioners' counsel expended approximately 7.55 hours drafting the entitlement brief and 10.15 hours drafting the responsive brief for a combined total of 17.70 hours. ECF No. 41-2 at 3-4. I find this amount of time to be reasonable and will award the attorney's fees requested.

## ATTORNEY COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 41-3 at 1-26. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

[3] This amount consists of reducing Brian Burchett's rates for 2021, 2024, and 2025 is calculated as follows: ($490.00 - $480.00 = $10.00 x .6 hrs.) + ($575.00 - $560.00 = $15.00 x 66.6 hrs.) + ($620.00 - $605.00 = $15.00 x 4.95 hrs.) = $1,079.25.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $62,910.84 (representing $59,385.25 in fees plus $3,525.59 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.